**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAROLETTE K. DEBELLO, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. ED CV 11-0810 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION AND SUMMARY**

On May 24, 2011, plaintiff Charolette K. Debello ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB"). [Docket No. 1.]

On November 29, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 10-12.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the Administrative Law Judge ("ALJ") improperly evaluated the opinion of Plaintiff's treating physician. The Court thus remands this matter to the Commissioner in

accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 47 years old on the date of her administrative hearing, is a college graduate. (*See* Administrative Record ("AR") at 204, 209, 229, 294, 328.)

On October 26, 2007, Plaintiff protectively filed for DIB, alleging that she has been disabled since July 1, 2007 due to a hernia, abdominal pain, nerve entrapment, and bladder adhesions. (*See* AR at 241, 242, 249, 259, 294, 322, 344.)

On February 18, 2010, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 204-40.) The ALJ also heard testimony from Elizabeth Ramos, a vocational expert ("VE"). (*Id.*; *see also id.* at 288-90.)

On February 26, 2010, the ALJ denied Plaintiff's request for benefits. (AR at 195-203.) Applying the familiar five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 197.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "recurrent left inguinal hernia, direct type, status-post mesh (Kugel technique); status-post left inguinal herniorrhaphy; second degree nerve entrapment; neuralgia; chronic pain syndrome; and anxiety disorder, not otherwise specified."[1] (AR at 197 (emphasis and citations omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically

---

[1] The ALJ appears to have mistakenly listed "anxiety disorder" as severe despite a subsequent discussion of the impairment as "non-severe." (*See* AR at 197-98.)

equal the severity of any listing set forth in the Social Security regulations.[2/] (AR at 199.)

The ALJ then assessed Plaintiff's residual functional capacity[3/] ("RFC") and determined that she can "perform the full range of light work." (AR at 199 (emphasis omitted).) Specifically, the ALJ found Plaintiff "can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She can never climb ladders, ropes or scaffolds. In addition, she should avoid concentrated exposure to vibrations and hazards such as machinery and heights." (*Id.* (emphasis omitted).)

The ALJ found, at step four, that Plaintiff retained the ability to perform her past relevant work as a dental hygienist and a receptionist. (AR at 202.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 195, 203.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-6, 189-90.) The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as*

---

[2/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[3/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

*amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUES PRESENTED

Three disputed issues are presented for decision here:

1. whether the ALJ properly assessed Plaintiff's credibility, (*see* Joint Stip. at 3-13, 20-22);

2. whether the ALJ properly evaluated Plaintiff's treating physician's opinion, (*id.* at 22-25, 28-29); and

3. whether the ALJ properly concluded at step four that Plaintiff could perform her past relevant work. (*Id.* at 29-30, 31.)

Under the circumstances here, the Court finds the issue of the ALJ's

evaluation of Plaintiff's treating physician's opinion to be dispositive of this matter, and does not reach the remaining issues.

## V.
## DISCUSSION AND ANALYSIS

A. <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician Lafayette M. Tylee, M.D. ("Dr. Tylee") based on a lack of "objective findings." (Joint Stip. at 24.) Plaintiff contends that Dr. Tylee "provided his long term treating notes supporting his opinions and evidencing the many years of care of [Plaintiff]." (*Id.* at 23.)

    1.    <u>The ALJ Must Provide Specific and Legitimate Reasons Supported by Substantial Evidence to Reject a Treating Physician's Opinion</u>

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians:

(1) those who treat the claimant (treating physicians);

(2) those who examine but do not treat the claimant (examining physicians); and

(3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons.") (italics in original).

"Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725.

The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

### 2. The ALJ Improperly Evaluated Dr. Tylee's Opinion

Having carefully reviewed the record and the joint stipulation, the Court is persuaded that the ALJ's assessment of Dr. Tylee's opinion regarding Plaintiff's physical limitations is not legally sufficient and/or supported by substantial evidence. Three reasons guide this Court's determination.

First, the ALJ's rejection of Dr. Tylee's September 2007 physical capacities evaluation based on the ALJ's conclusion that Dr. Tylee's "chart notes from January 30, 2007 to October 29, 2007 primarily show that [Plaintiff's] main complaint on office visits was medication refills" is belied by the record. (AR at 202; *see id.* at 445 (Dr. Tylee's September 2007 evaluation).) "The primary function of medical records is to promote communication and recordkeeping for health care personnel-not to provide evidence for disability determinations. We therefore do not require that a medical condition be mentioned in every report to conclude that a physician's opinion is supported by the record." *Orn v. Astrue*, 495 F.3d 625, 634

(9th Cir. 2007). Instead, the record must be viewed in its entirety. *Id.* Although Dr. Tylee's records include numerous requests for medication refills, they also contain assessments of Plaintiff's condition. For instance, during the time frame noted by the ALJ, Dr. Tylee found Plaintiff to be suffering from chronic neuralgia,[4] an inguinal hernia,[5] weight gain, chronic pain, and insomnia. (*See, e.g.,* AR at 435 (treatment note, dated September 26, 2007, prescribing a cane and indicating lower back pain and weight gain), 436 (treatment note dated, August 21, 2007, assessing chronic neuralgia), 437 (treatment note, dated August 9, 2007, diagnosing nerve entrapment), 438 (treatment note, dated June 21, 2007, reporting chronic pain), 440 (treatment note, dated April 20, 2007, diagnosing "nerve entrapment syndrome" and noting Plaintiff is "unable to sleep" and suffers from "chronic groin pain").)

Moreover, the fact that the record is replete with medication requests does not undermine Dr. Tylee's opinion. Due to chronic pain from her inguinal hernia, Plaintiff sought pain medication, which Dr. Tylee reported was her *only* viable treatment option because more "invasive procedures" were "life threatening." (AR at 895 (Dr. Tylee stating that further surgery "would be life threatening due to adhesion and nerve entrapment" and that Plaintiff is precluded from seeking "invasive procedures in abdomen and pelvis"); *see also id.* at 486 (Dr. Tylee reporting in a treatment note, dated February 25, 2008, that three patches used in Plaintiff's prior hernia surgery have been recalled).)

---

[4] Neuralgia is "[p]ain of a severe, throbbing, or stabbing character in the course or distribution of a nerve." *Stedman's Medical Dictionary* 271340 (27th ed. 2000).

[5] An inguinal hernia is a "hernia at the inguinal region: direct inguinal hernia involves the abdominal wall between the deep epigastric artery and the edge of the rectus muscle; indirect inguinal hernia involves the internal inguinal ring and passes into the inguinal canal." *Stedman's Medical Dictionary* 179860. A hernia is a "[p]rotrusion of a part or structure through the tissues normally containing it." *Id.*

Second, the ALJ improperly rejected Dr. Tylee's opinion based on a lack of objective medical evidence. (AR at 202 ("Although [Plaintiff] complained of pain, there was no evidence demonstrating a worsening of her condition. Therefore Dr. Tylee's opinion is neither supported nor documented by [his] own medical observations.")); *see Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (conclusory reason, such as a lack of objective findings, "does not achieve the level of specificity" required to justify an ALJ's rejection of a treating source's medical opinion). Dr. Tylee has treated Plaintiff roughly once a month since 2005 for nerve entrapment, inguinal hernia, and neuralgia with pain management. (*See, e.g.,* AR at 427-44 (Dr. Tylee's treatment notes), 831-82 (same), 887-895 (Dr. Tylee indicating he has treated Plaintiff since 2005)); *see* 20 C.F.R. § 404.1527(c)(2)(i), (ii) (weight accorded to a treating physician's opinion dependent on length of the treatment relationship, frequency of visits, and nature and extent of treatment received). Based on the length of the treatment relationship and Dr. Tylee's experience with Plaintiff, Dr. Tylee had the broadest range of knowledge regarding Plaintiff's physical condition. Thus, this Court finds the ALJ's reason too conclusory to meet the specific and legitimate standard.

Third, the ALJ failed to cite to any more recent examining or treating opinion in support of his rejection of Dr. Tylee's opinion. While the ALJ afforded "some weight" to the opinion of examining physician Bryan H. To, M.D. ("Dr. To"), who opined that Plaintiff is capable of performing "medium work," he also found Dr. To "did not have the opportunity to review additional evidence," including Dr. Tylee's more recent treatment notes. (AR at 201-02; *see id.* at 453-57 (Dr. To's independent internal medicine evaluation report, dated January 31, 2008).) Accordingly, to the extent the ALJ relied on Dr. To's opinion in rejecting Dr. Tylee's opinion, Dr. To's opinion fails to constitute substantial evidence here.

Similarly, though the ALJ assigned "less weight" to the "state agency medical consultants," who opined that Plaintiff is limited to "sedentary work," he also

8

1  conceded that the non-examining physicians "never examined [Plaintiff]
2  personally." (AR at 201-02; *see id.* at 471-75 (non-examining physician's physical
3  RFC assessment), 494-97 (non-examining physician's case analysis).) In any event,
4  the *non-examining* and *reviewing* physicians' opinions, standing alone, are
5  insufficient to constitute substantial evidence. *Erickson v. Shalala*, 9 F.3d 813, 818
6  n. 7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*,
7  does not constitute substantial evidence[]") (internal quotation marks, brackets and
8  citation omitted) (italics in original); *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th
9  Cir. 1984) (when the non-treating, non-examining physician's opinion conflicts with
10 the conclusions of examining physicians, that conclusion does not constitute
11 substantial evidence).

12       In short, it appears that the ALJ has, in effect, improperly substituted his own
13 interpretation of the evidence without setting forth sufficient authority or medical
14 evidence to support his interpretation. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03
15 (9th Cir. 1999) (ALJ may not substitute his own interpretation of the medical
16 evidence for the opinion of medical professionals); *Banks v. Barnhart*, 434 F. Supp.
17 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own
18 judgment for competent medical opinion, and he must not succumb to the temptation
19 to play doctor and make his own independent medical findings.") (internal quotation
20 marks, alterations and citations omitted).

## VI.
## **REMAND IS APPROPRIATE**

23       This Court has discretion to remand or reverse and award benefits. *McAllister*
24 *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no
25 useful purpose would be served by further proceedings, or where the record has been
26 fully developed, it is appropriate to exercise this discretion to direct an immediate
27 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004);
28 *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000),

1 *cert. denied*, 531 U.S. 1038 (2000).  Where there are outstanding issues that must be
2 resolved before a determination can be made, and it is not clear from the record that
3 the ALJ would be required to find plaintiff disabled if all the evidence were properly
4 evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211
5 F.3d at 1179-80.

   Here, remand is required because the ALJ failed to properly evaluate the medical evidence.

   Because the Court concludes that the ALJ erred in rejecting Dr. Tylee's opinion, it does not reach Plaintiff's remaining contentions.  (*See* Joint Stip. at 3-13, 20-22, 29-30, 31); *see also Hayes v. Astrue*, 270 Fed.Appx. 502, 505 (9th Cir. 2008) (ALJ's credibility and RFC determination should be reviewed in light of the record as a whole, which should include a proper evaluation of the medical evidence).  The ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions.

   Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: June 4, 2012

/s/Jay C. Gandhi_____

Hon. Jay C. Gandhi

United States Magistrate Judge